IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THADDEUS D. SMITH, SR., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-00629-KD-N |
| ) | |
| ALA. DEPT. OF HUMAN RESOURCES ) | |
|     Defendant. ) | |

**ORDER**

This matter is before the Court on what *pro se* Plaintiff Smith docketed as his "Second Motion to Amend Complaint"[1] and styled as "Amended Complaint." (Doc. 18). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998). Nonetheless, even *pro se* litigants must comply with procedural rules and court orders. *See, e.g., Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir.2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted).

Federal Rule of Civil Procedure 15(a), which is applicable to amendment before trial, states:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
>     (A) 21 days after serving it, or
>
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

---

[1] The Court notes that this is Smith's first attempt to amend his complaint in this action.

> (3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a). Defendants have not consented to amendment, and the time frames contemplated in Rule 15(a)(1)(A) and (B) have expired. Thus, Plaintiff is not entitled to amend his complaint as a matter of right and must seek the Court's leave to do so. Accordingly, the Court construes Doc. 18 as a motion to amend the complaint.

> S.D. Ala. CivLR 15, which pertains to Amended and Supplemental Pleadings[2], states:
>
> (a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference.
>
> (b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.
>
> (c) If the Court grants the motion to amend, the party must promptly file the amended pleading. If a responsive pleading is required, any party that has appeared in the action and was served with the proposed amended pleading must serve an answer or other responsive pleading within fourteen (14) days after the Court grants the motion to amend. The time for a party that has not appeared in the action to serve an answer or other responsive pleading begins to run when that party is properly served with the amended pleading.

First, the Court notes that Plaintiff failed to comply with S.D. Ala. CivLR 15(a) and (b). These grounds alone are sufficient for the Court's denial of Plaintiff's motion to amend the complaint.

However, the Court notes, Plaintiff's original complaint was brought against the "State of Alabama Department of Human Resources Child Support Enforcement Division." (Doc. 1 at 1). Plaintiff's motion to amend the complaint appears to seek to eliminate the State of Alabama Department of Human Resources Child Support Enforcement Division and replace it with a

---

[2] The Court's local rules may be accessed online via http://www.alsd.uscourts.gov/court-info/local-rules-and-orders.

Defendant identified as "The City of Mobile County Department of Human Resources Child Support Enforcement Division." A *city* entity of this nature does not exist. Pursuant to Alabama Code § 38-2-8, the Alabama Department of Human Resources is a state agency with county departments. *See also Ross v. State of Ala.,* 893 F. Supp. 1545, 1550 (M.D. Ala. 1995)("By statute, the Houston County DHR is a division of the State Department of Human Resources and operates under its direction."). Thus, even if Plaintiff had complied with the Local Rules, the amendment would be futile. Accordingly, the motion to amend the complaint is **DENIED**.

**DONE** and **ORDERED** this **21st** day of **March 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**